Mecaj v. Barr

BIA
Hom, IJ
A200 589 904

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand nineteen.

PRESENT:
>ROBERT D. SACK,
>BARRINGTON D. PARKER,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

KLAUDIO MECAJ,
>*Petitioner,*

v.                                      17-2608
                                        NAC
WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Gregory Marotta, Esq., Vernon, NJ.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Jennifer A. Singer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Klaudio Mecaj, a native and citizen of Albania, seeks review of a July 28, 2017, decision of the BIA affirming a January 26, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Klaudio Mecaj,* No. A200 589 904 (B.I.A. July 28, 2017), *aff'g* No. A200 589 904 (Immig. Ct. N.Y. City Jan. 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Mecaj argues that the IJ was biased and deprived him of due process by (1) setting an arbitrary deadline for

2

corroborating evidence, (2) questioning him too aggressively, (3) relying on the omission of a detention from his asylum application in finding him not credible, and (4) refusing to credit Dr. Bernd Fischer's expert affidavit on Albania. Mecaj has failed to establish bias.

"To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks and citations omitted). Remand may be required "when an IJ's conduct results in the appearance of bias or hostility such that we cannot conduct a meaningful review." *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quoting *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006)); *see also Guo-Le Huang v. Gonzales*, 453 F.3d 142, 148 (2d Cir. 2006).

"[A]n IJ has broad discretion to set and extend filing deadlines," *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008), and when "an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived," 8 C.F.R. § 1003.31(c). The IJ provided Mecaj almost two years to

3

gather and submit corroborating evidence, and the late evidence could have been obtained before the deadline and thus could have been timely filed. Counsel's explanation that she followed the default deadline in the Immigration Court Practice Manual is unavailing because the Manual permits IJs to set their own deadlines and warns that failure to comply with those deadlines "may have serious consequences," such as the preclusion of evidence. Immigration Court Practice Manual § 3.1(b), (d)(ii). Accordingly, we find no abuse of discretion or bias in the IJ's decision declining to admit Mecaj's late-filed evidence.

Nor did the IJ abuse his discretion or exhibit bias in questioning Mecaj. "[A]n IJ is not merely the fact finder and adjudicator, but also has an obligation to establish and develop the record." *Islam*, 469 F.3d at 55. "During the course of developing a sound and useful record, an IJ must, when appropriate, question an applicant in order, for example, to probe inconsistencies and develop the relevant facts." *Id.* Mecaj concedes that the IJ's questioning was not antagonistic, and a review of the record reveals that the IJ posed questions relevant to Mecaj's claims for relief.

There is also no merit to Mecaj's contention that the IJ

4

exhibited bias by relying on Mecaj's omission of a brief detention from the asylum application.  An IJ may consider an omission "as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).  Further, it was reasonable for the IJ to find this omission significant because the asylum application form asks whether the applicant has ever been detained and, if so, instructs the applicant to explain the circumstances, Mecaj, however, did not list his own detention for protesting despite discussing other Democratic Party members being prevented from protesting.  *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 78-79 (2d Cir. 2018) ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances.").

Finally, the IJ did not err or exhibit bias in giving the expert affidavit diminished evidentiary weight because Dr. Fischer did not testify and thus was not subject to cross-examination.  *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the

5

weight to be afforded an applicant's documentary evidence."); *see also Matter of H-L-H-*, 25 I. & N. Dec. 209, 215-16 & n.5 (BIA 2010) (declining to credit village committee notices that were unauthenticated, unsigned, and prepared for purposes of removal proceedings), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). Regardless, as the BIA noted, even if credited, the affidavit did not independently corroborate Mecaj's asylum claim.

Accordingly, we deny the petition because Mecaj has not shown bias or error in the IJ's decision denying relief on credibility and lack of corroboration grounds. *See Burger*, 498 F.3d at 134; *see also Ali*, 529 F.3d at 490. There is nothing further for us to address as Mecaj does not otherwise challenge the credibility and corroboration rulings, and he did not exhaust any challenge to the adverse credibility finding on appeal to the BIA. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that petitioner abandons issues and claims not raised in his brief); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-22 (2d Cir. 2007) (holding that issue exhaustion is mandatory).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court